Paul B. Mengedoth (018507)
**MENGEDOTH LAW PLLC**
20909 N. 90th Place, Suite 211
Scottsdale, AZ 85255
Tel: (480) 778-9100
Fax: (480) 778-9101
E-mail: paul@mengedothlaw.com

*(Additional counsel on signature page)*

*Attorneys for Plaintiff Jonathan Santiago Rosario*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Santiago Rosario, an individual, | |
| Plaintiff, | Case No. _____ |
| v. | COMPLAINT |
| Realpage Inc., d/b/a On-Site.com, a Delaware Corporation, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

## PRELIMINARY STATEMENT

1.     Plaintiff Jonathan Santiago Rosario brings this civil action for damages against Defendant Realpage, Inc. doing business as On-Site.com ("Realpage") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

## THE PARTIES

2.     Mr. Rosario is a natural person domiciled in Phoenix, AZ.

3.     Realpage is a Delaware corporation registered to conduct business in the State of Arizona.

1

*Plaintiff Rosario's Complaint*

**JURISDICTION & VENUE**

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because substantial part of the events or omissions giving rise to this action occurred in the District of Arizona, and Realpage possesses sufficient contacts with this District to be deemed to reside in this District.

**FACTUAL ALLEGATIONS**

6. Mr. Rosario is a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

7. Realpage is a "consumer reporting agency" and a "reseller" of credit information as those terms are defined by the FCRA. 15 U.S.C. §1681a(f) and 15 U.S.C. § 1681a(u).

8. In or around April 2018, Mr. Rosario submitted an application to rent an apartment from the Sereno Townhomes ("Serrano") in Glendale, AZ.

9. Additionally, in or around June 2018, Mr. Rosario submitted an application to rent an apartment from Greenleaf Arrowhead Ranch Apartments ("Greenleaf") in Glendale, AZ.

10. As part of considering Mr. Rosario's rental applications, both landlords requested a background report from Realpage.

11. In April 2018, June 2018 and March 2019, Realpage prepared and sold a background report about Mr. Rosario to Serrano Village Apartments ("Serrano Village"), Greenleaf Apartments ("Greenleaf") and Tresa at Arrowhead Apartments ("Tresa") respectively.

12. The Reports are "consumer reports" as that term is defined by the FCRA. 15 U.S.C §1681a(d)(1).

13. The Reports included false, inaccurate, misleading and/or incomplete information (collectively the "Inaccurate Information") including but not limited to

criminal records which do not belong to Mr. Rosario and collection accounts that do not belong to Mr. Rosario.

14. Mr. Rosario's rental applications with both Serrano Village, Greenleaf and Tresa were subsequently denied in whole or substantial part because of the Inaccurate Information reported by Realpage on the Reports.

15. In or around April 2018, June 2018 and March 2019, Mr. Rosario disputed the Inaccurate Information with Realpage directly.

16. Realpage responded to Mr. Rosario's disputes by informing Mr. Rosario in writing that it refused to delete and/or update all the Inaccurate Information disputed by Mr. Rosario.

17. Realpage refused to permit Mr. Rosario to dispute the Inaccurate Information by telephone, failed to delete the criminal record information or collection accounts in April and June 2018, and refused to delete the collection accounts in March of 2019.

18. Realpage failed to conduct a reasonable investigation of Mr. Rosario's dispute, *inter alia*, by: failing to conduct any investigation into the Inaccurate Information at all; failing to review and consider the information submitted by Mr. Rosario; failing to contact Mr. Rosario to elicit more specific information about his disputes; failing to forward disputes to furnishers and/or other consumer reporting agencies consistent with its obligations under the FCRA; failing to obtain and review the actual court or police records related to the Inaccurate Information; and failing to contact persons or entities affiliated with the criminal records to verify their accuracy.

19. Realpage acted recklessly by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading criminal records and/or credit information similar or identical to the result of Mr. Rosario's dispute.

20. Mr. Rosario has suffered injuries as result of Realpage's conduct described above including but not limited to: denied rental applications, harm to reputation, humiliation, embarrassment, time lost disputing and emotional distress.

21. Realpage was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Realpage at all times relevant hereto.

### COUNT I

### **VIOLATIONS OF THE FCRA**

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Realpage violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Mr. Rosario as described above. 15 U.S.C. § 1681e(b).

24. Realpage also violated the FCRA by negligently and willfully failing to conduct a reasonable investigation of Mr. Rosario's dispute to Realpage as described above. 15 U.S.C. §1681i(a).

25. Realpage also negligently and willfully violated the FCRA by: (a) once it received Mr. Rosario's disputes, it did not conduct an investigation and determine within five (5) business days that all or some of the Inaccurate Information was inaccurate or incomplete as a result of any act or omission of Realpage, and then delete or correct the information in Mr. Rosario's consumer report within twenty (20) days, and (b) conduct an investigation and determine the Inaccurate Information was not reporting as a result of any act or omission by Realpage, and within five (5) business days of Mr. Rosario's disputes, convey a notice of his disputes along with all information relevant to the disputes to the respective consumer reporting agency that provided Realpage the information. 15 U.S.C. § 1681i(f).

26. Realpage's conduct was a direct and proximate cause and/or substantial factor in causing the injuries to Mr. Rosario as described above.

4

*Plaintiff Rosario's Complaint*

27. As a result of Realpage's violations of the FCRA identified herein, Defendant is liable to Mr. Rosario for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C §§1681n & 1681o.

## PRAYER FOR RELIEF

Plaintiff requests judgment in his favor and against Realpage for damages to include statutory damages, actual damages, punitive damages, costs of this action, reasonable attorney's fees and such other relief that this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated this 5th day of March 2019.             Respectfully submitted,

By:   /s/ Paul B. Mengedoth
Paul B. Mengedoth, Esq. (018507)
**MENGEDOTH LAW PLLC**
20909 N. 90th Place, Suite 211
Scottsdale, AZ 85255
Tel: (480) 778-9100
E-mail: paul@mengedothlaw.com

Greg Gorski, Esq.
(Pro hac vice application pending)
GORSKI LAW PLLC
1635 Market Street
Suite 1600
Philadelphia, PA 19103
Tel: (215) 330-2100
greg@greggorskilaw.com

*Attorneys for Plaintiff*